Minute Order Form (06/97)

# United States District Court, Northern District of Illinois ORIGINAL

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5894 | **DATE** | 5/8/2000 |
| **CASE TITLE** | FMC Corporation vs. Trimac Bulk Transportation, Service vs. Del Camino Service Plaza and Truck Wash, L.L.C. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Third-Party Defendant Del Camino Service Plaza and Truck Wash, L.L.C. motion to dismiss for lack of personal jurisdiction [25-1] pursuant to Rule 12(b)(2) is granted without prejudice, subject to the conditions set forth in the Court's minute order of 4/25/00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 0 9 2000 | |
| | Notified counsel by telephone. | | date docketed | 40 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/8/2000 | |
| DK | courtroom deputy's initials | | date mailed notice DK6 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FMC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **DOCKETED** |
| TRIMAC BULK TRANSPORTATION ) | |
| SERVICES, INC., UNIVERSAL ) | MAY 0 9 2000 |
| TRANSPORT, INC. and QUALITY ) | |
| SERVICE TANK LINES, INC., ) | |
| ) | No. 98 C 5894 |
| Defendants. ) | |
| ) | Magistrate Judge Morton Denlow |
| TRIMAC BULK TRANSPORTATION ) | |
| SERVICES INC., UNIVERSAL ) | |
| TRANSPORT, INC. and QUALITY ) | |
| SERVICE TANK LINES, INC., ) | |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEL CAMINO SERVICE PLAZA AND ) | |
| TRUCK WASH, L.L.C., C.C.L. CUSTOM ) | |
| MANUFACTURING, INC., BULKMATIC ) | |
| TRANSPORT COMPANY and PROCTOR ) | |
| & GAMBLE MANUFACTURING ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

This case is now before the Court on the motion of Third-Party Defendant Del Camino Service Plaza and Truck Wash, L.L.C. ("Del Camino") to dismiss Defendants/Third-

Party Plaintiffs Trimac Bulk Transportation Services, Inc. ("Trimac Bulk), Universal Transport, Inc. ("Universal"), and Quality Service Tank Lines, Inc.'s ("Quality") (collectively "Trimac") amended third-party complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). This case raises the issue of whether a Colorado company subjects itself to the jurisdiction of an Illinois court by washing two trailers in Colorado for $110 which Trimac claims were improperly cleaned and later used to deliver contaminated goods to Illinois. For the following reasons, Del Camino's motion to dismiss is granted.

## I. BACKGROUND FACTS

Plaintiff FMC Corporation ("FMC") is a Delaware corporation with its principal place of business in Illinois. FMC is engaged in the manufacturing of various products, including agricultural and industrial chemicals. One of FMC's customers is Proctor & Gamble Manufacturing Corporation ("P&G"), a Missouri corporation with offices in Illinois. FMC had a contract to supply P&G with a chemical, sodium tripolyphosphate ("STPP"), which P&G uses in manufacturing its popular Cascade Gel.

The Defendants/Third-Party Plaintiffs Trimac are all foreign corporations engaged in the distribution business, including the distribution of chemicals such as STPP. Trimac Bulk is an Alabama corporation, Universal is a South Dakota corporation, and Quality is a Texas corporation. In connection with its contract with P&G, FMC retained the services of Trimac to ship the STPP from Green River, Wyoming to Niles, Illinois.

2

Del Camino is a Colorado corporation which services trucks and washes the interiors and exteriors of trucks and tankers. It has only one place of business, which is located in Longmont, Colorado. On February 27, 1997, in connection with its contract with FMC, Trimac retained the services of Del Camino to wash the two tanker trailers that Trimac later used to deliver the STPP to P&G. Del Camino washed the trailers at its Longmont facility and billed Trimac at its Longmont, Colorado location. The total fee was $110.00.

After the cleaning, Trimac loaded the tankers with the STPP and delivered it to FMC in Illinois. FMC later discovered that the STPP was contaminated with calcium carbonate. FMC thereafter filed suit against Trimac alleging that the source of the contamination was Trimac's tanker trailers and seeking $291,533.87 in damages resulting from the contamination as lost production, contaminated product, damaged equipment, and cleanup costs. Trimac in turn filed a third-party complaint against Del Camino seeking contribution. Trimac alleges that any contamination stemming from the tanker trailers was a result of Del Camino's negligence or Del Camino's breach of contract in failing to properly clean the two trailers.

## II. ESTABLISHING PERSONAL JURISDICTION

In a case based upon diversity of citizenship, a federal court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Under Illinois law, the plaintiff bears the burden of establishing personal jurisdiction. *RAR*, 107

F.3d at 1276; *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). In ruling on a motion to dismiss for lack of personal jurisdiction, the court may receive and consider affidavits from both parties but all factual conflicts are resolved in favor of the party asserting jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

Pursuant to the Illinois long-arm statute, an Illinois court "may also exercise jurisdiction on any other basis now or hereinafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Therefore, the Illinois long-arm statute permits the exercise of personal jurisdiction to the limits allowed under the due process clause of the Illinois Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *RAR*, 107 F.3d at 1276-1277; *Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F.Supp.2d 818, 821 (N.D. Ill. 1999). Thus, in determining whether exercising personal jurisdiction over a nonresident defendant falls within the bounds of due process, the Court must ensure that the requirements of both the federal and state constitutions are satisfied. *RAR*, 107 F.3d at 1276.

### A. ILLINOIS DUE PROCESS

The Illinois due process guarantee is not necessarily coextensive with federal due process protections. *Id.* at 1276. Under the due process clause of the Illinois Constitution, "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.*

4

(quoting *Rollins v. Ellwood*, 141 Ill. 2d 244, 565 N.E.2d 1302, 1316 (1990)). Unfortunately, the Illinois courts have not provided much guidance in how this due process guarantee differs from the Due Process Clause of the Federal Constitution. *Id.*; *Jamik*, 74 F.Supp. 2d at 821.

In its brief and at oral argument, Trimac relies on *Lichon v. Aceto Chemical Co.*, 182 Ill. App. 3d 672, 538 N.E.2d 613 (1st Dist. 1989), to argue that jurisdiction in this case would be within the bounds of the Illinois Constitution's guarantee of due process. In *Lichon*, the plaintiff, an Illinois resident, filed suit for personal injuries sustained when he came into contact in Illinois with a hazardous chemical that the defendant, a nonresident chemical company, was shipping from New Jersey to Iowa. The defendant in turn filed a third party action for contribution against the English chemical company which manufactured the chemical and shipped it to New Jersey, alleging that the English company was negligent in not properly packaging the chemical. The *Lichon* court concluded that the due process clause allows courts to exercise jurisdiction more readily when the defendant has placed a hazardous product into the stream of commerce. See *id.* at 617-21. However, the court concluded that the burden on the English company of defending itself in Illinois outweighed the interests of Illinois in refereeing a third-party dispute between two nonresident parties and, therefore, held that the court lacked personal jurisdiction. *Id.* at 622-23.

Trimac's reliance on *Lichon* is misplaced. Del Camino has not placed a hazardous product into a stream of commerce. In fact, Del Camino has not placed any product into the stream of commerce. At best, Del Camino failed to take a *nonhazardous* product out of the

stream of commerce if it is found to have been negligent in washing the tanker trailers. Moreover, the Court notes that it is being called upon here, as was the Illinois court in *Lichon*, to referee a dispute between two nonresident corporations. Therefore, the court is not persuaded by Trimac's argument that *Lichon* allows for personal jurisdiction under the Illinois constitution. However, given the lack of guidance and "scant [Illinois] case law with which to work," *RAR*, 107 F.3d at 1276, in determining the limits of the due process guarantee afforded by the Illinois Constitution, the Court will turn to the federal constitutional issue.

## B. FEDERAL DUE PROCESS

Federal due process permits the exercise of personal jurisdiction only where the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). What that standard means in a particular case depends upon whether the state asserts "general" or "specific" jurisdiction. *RAR*, 107 F.3d at 1277.

### 1. General Jurisdiction.

General jurisdiction is found in suits where the defendant has "continuous and systematic general business contacts" with the forum state. *Id.* Trimac has never alleged that Del Camino has such continuous and systematic contacts with Illinois. Therefore, Trimac

has waived any general jurisdiction argument. *Id.*; *Jamik*, 74 F. Supp. 2d at 822. Therefore, the Court will focus on specific jurisdiction.

### 2. Specific Jurisdiction.

Specific jurisdiction is found over a defendant in a "suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868 (1984)). In specific jurisdiction cases, the Court must determine if the defendant "purposefully established minimum contacts within the forum State" and consider whether, by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S.Ct. 2174 (1985). A critical inquiry is whether there is a showing that the defendant "should reasonably anticipate being haled into court [in the forum state]," *Id.* at 474, because "there is some act by which the defendant purposefully avails himself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its law." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109, 107 S.Ct. 1026 (1987). "In a breach of contract case, it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *RAR Inc.*, 107 F.3d at 1277.

In addition, in determining whether it is reasonable to require the nonresident defendant to litigate in the forum state, the court should consider several factors such as the relative interests of the parties, the forum's interest in litigating the dispute, and the interest

of the interstate judicial system in obtaining the most efficient resolution of disputes. See *Burger King*, 471 U.S. at 477.

### III. THERE IS NO PERSONAL JURISDICTION OVER DEL CAMINO

Applying the principles above to the case at bar, Trimac has not alleged sufficient facts to allow this Court to assert personal jurisdiction over Del Camino consistent with constitutional due process. Del Camino does not have the requisite "minimum contacts" with Illinois: it sells no goods in Illinois; it is not licensed to do business in Illinois; it has no place of business, nor any employees in Illinois; it does not advertise or solicit business in Illinois. Therefore, Del Camino has not purposefully availed itself of the privileges and benefits of the laws of Illinois.

Moreover, looking to the fairness of the matter, it is unreasonable to require Del Camino to defend itself in Illinois because of this transaction. Trimac brought its tanker trailers to Del Camino in Colorado for a wash. Trimac was billed in Colorado. Del Camino agreed and for a fee of $110 has found itself exposed to a possible liability of more than a quarter-million dollars. It is unfair to force Del Camino to defend itself against this possibility in a state with which it has no minimum contacts and which has little interest in refereeing a dispute between nonresident corporations.

Therefore, the Court grants Del Camino's motion to dismiss for lack of personal jurisdiction on the following conditions: (1) Del Camino voluntarily agrees not to raise the statute of limitations as a defense in a case in Colorado if the limitations period has run since

the filing of this lawsuit; and (2) Del Camino agrees to allow Trimac to file suit for contribution in Colorado on or before July 27, 2000, following this Court's decision in connection with Trimac's motion to dismiss FMC's amended complaint. These conditions are appropriate in light of the fact that no further litigation will be required if Trimac's motion to dismiss the amended complaint is granted. Furthermore, the Court is hesitant to transfer the third party action against Colorado when there is the possibility that the need for litigation will no longer exist if Trimac's motion is granted. These conditions allow this case to be determined on the merits in the event that Trimac's motion to dismiss the amended complaint is not granted and further litigation between Trimac and Del Camino remains necessary. In the event that Del Camino does not immediately and voluntarily agree to abide by the conditions imposed by this order, Trimac should promptly take appropriate steps to ensure itself of its day in court. See, e.g., *In re Marriage of Noen*, 735 P.2d 884 (Colo. App. 1986) (Court lacked jurisdiction to enter judgment for attorney's fees where it lacked personal jurisdiction over parties).

## IV. CONCLUSION

For the foregoing reasons, Del Camino's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is granted, without prejudice, subject to the conditions discussed above and set forth in this Court's minute order of April 25, 2000.

SO ORDERED THIS 8th DAY OF MAY, 2000.

_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE

**Copies mailed to:**

Mr. Robert J. Meyer
Mr. Jay Koehler
Swanson, Martin & Bell
One IBM Plaza, Suite 2900
Chicago, Illinois 60611
Attorneys for Plaintiff

Mr. Guy Halpern
Johnson & Bell Ltd.
222 North LaSalle Street
Suite 2200
Chicago, Illinois 60601
Attorney for Defendants/Third-Party
Plaintiffs Trimac Bulk Transportation,
Inc., Universal Transport, & Quality
Service Tank Lines, Inc.

Mr. Hugh Moore
Ms. Denean K. Sturino
Lord, Bissell & Brook
115 South LaSalle Street
33rd Floor
Chicago, Illinois 60603
Attorneys for Third-Party Defendant
Proctor & Gamble Manufacturing Co.

Mr. Bruce C. Spitzer
Mr. Christopher A. Kreid
Mr. Marvin F. Metge
Metge, Spitzer & Kreid
33 North LaSalle Street
Suite 2700
Chicago, Illinois 60602
Attorneys for Third-Party Defendant
Bulkmatic

Mr. Martin A. Kanofsky
Mr. Michael J. Gilmartin
Merlo, Kanofsky & Brinkmeier, Ltd.
208 South LaSalle Street
Chicago, Illinois 60604
Attorneys For Third-Party Defendant
C.C.L. Custom Manufacturing, Inc.

Mr. James J. O'Hagan
Ms. Morfia J. Komotos
O'Hagan, Smith & Amundsen, L.L.C.
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601
Attorney for Third-Party Defendant
Del Camino