Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5894 | **DATE** | 11/21/2000 |
| **CASE TITLE** | FMC vs. Trimac | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the enclosed Memorandum Opinion and Order, plaintiff's Motion to Compel Production of Documents [62-1] is granted in part and denied in part. Defendant Trimac Bulk Transportation Services, Inc. is required to produce Docs. 1, 11, 20, and 21 listed in its Amended Privilege Log within 7 days of the date of this order. The objection of privilege is sustained as to all other documents listed in Trimac's Amended Privilege Log. Pursuant to Fed. R. Civ. P. 37(a)(4)(c), Trimac shall pay FMC's reasonable expenses incurred in connection with bringing the initial Motion to Compel (filed on July 18, 2000) and one-half of FMC's reasonable expenses (including attorneys' fees) incurred in bringing its second Motion to Compel (filed on October 6, 2000). The parties are to confer and attempt to reach agreement as to the amount to be paid, and, if no agreement is reached, FMC shall submit a statement of its expenses to the Court.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | ED-7 FILED FOR DOCKETING  NOV 27 2000 date docketed | 74 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | 00 NOV 22 PM 5:02 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| tw | courtroom deputy's initials | | 11/20/20006 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FMC CORPORATION,<br>Plaintiff,<br><br>v.<br><br>TRIMAC BULK TRANSPORTATION<br>SERVICES, INC., et al.<br>Defendants. | Case No. 98 C 5894<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

On July 18, 2000, plaintiff FMC Corp. ("FMC") filed a motion to compel the production of certain documents identified by Defendant Trimac Bulk Transportation Services, Inc. ("Trimac") as protected by attorney-client or work product privilege. FMC correctly asserted that Trimac's privilege log with respect to those documents ( FMC's Motion, Ex.5 ) was insufficient and failed to demonstrate an applicable privilege. In response to FMC's motion to compel, Trimac served an Amended Privilege Log. On October 6, 2000, FMC filed a renewed motion to compel the production of those documents attaching Trimac's Amended Privilege Log as Exhibit A to that motion. In addition to filing a response to FMC's motion, Trimac also tendered the documents at issue to the Court for in camera inspection. At the oral argument on FMC's motion held on November 2, 2000, the Court determined that Doc. 1 and Doc. 21 of the Amended Privilege Log and pages Bates numbered 284-291 of Doc. 20 are not privileged and must be produced. The Court also determined that Docs. 5, 6, 17 and 18 are privileged and are not required to be produced. The Court took the remaining documents under advisement. For the following reasons, the Court hereby orders

the production of Docs. 11 and 21, and holds that the remaining documents (Docs. 2- 4, 7 - 10, 12-19) are privileged and need not be produced.

As an initial matter, the Court finds that Trimac's Amended Privilege Log, although an improvement over the initial log, is still inadequate. Fed. R. Civ. P. 26(c) expressly requires that a party asserting privilege "shall describe things not produced or disclosed in a manner that, without revealing information in itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." The purpose of a privilege log is to enable the opposing party and the Court to evaluate the applicability of the asserted privilege in order to minimize disputes and the need for in camera inspection of documents. Rule 26, Advisory Committee Notes to 1993 Amendments, subdivision (b).

> The party seeking to invoke the protection of a privilege, or discovery opponent, has the burden of establishing all of its elements.

*Allendale Mut. Ins. Co. v. Bull Data Sys. Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992), citing United States v. White 950 F. 2d 426, 430 (7th Cir. 1991). As Judge Bobrick stated in *Allendale*, the log should contain an explanation of why the document is privileged that is sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements of the privilege.

> This may be burdensome, but it will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration the fact that there are no presumptions operating in the discovery opponent's favor.

145 F. R. D. at 88.

Trimac's Amended Privilege Log and its Response to FMC's motion fail to provide FMC or the Court with sufficient factual basis for Trimac's assertions. For example, the Log states that many of the documents were prepared in anticipation of litigation and pursuant to the request of

2

Trimac's General Counsel, Robert Kennedy, but there is no indication on the log that certain of those documents were ever sent to or seen by Mr. Kennedy or any other attorney. *See, e.g.,* Docs. 2, 3, 8, 11, 14. There is no factual basis set out in the Amended Privilege Log, and no affidavit submitted, to support the claim that these documents were prepared in anticipation of litigation, and the fact that the log shows no copy to Mr. Kennedy or any other attorney, while not conclusive, tends to support the contrary conclusion.

Furthermore, Trimac's response does not identify many of the persons referred to in the documents. For example, Doc. 11 summarizes a March 12, 1997 telephone conversation between Trimac's Barry Hedquist and "Don McDowel." There is no identification of Mr. McDowel in either Trimac's Amended Privilege Log or its response. The Log does not indicate that Doc. 11 was ever provided to any attorney or in what way it was used for any purpose in connection with the litigation. The Log notes only that the document was put into Trimac's file concerning FMC's claim. That is not enough factual foundation to support a claim of privilege. Accordingly, Doc. 11 must be produced.

Another problem with Trimac's argument for work product privilege is its failure to fit the various documents into a time sequence relative to the chronology of the dispute between the parties, either in the log itself or by submitting an affidavit in support of its assertions of privilege. In *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977-78 (7th Cir. 1996), the Seventh Circuit stated:

> we look to whether in light of the factual context 'the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'

In *Logan* the Court noted that all of the documents for which the defendant claimed privilege were written after the plaintiff had filed suit against his employer for benefits insured by the defendant. *Id.*

On the other hand, the Court is reluctant to penalize a party because of the deficiencies of a legal presentation, especially here where the number of documents as to which privilege has been asserted is small and it appears that the privileges have been asserted in good faith. With careful review of the documents, including their chronology, the Court determines that substantially all of documents are privileged.

Certain of the documents reflect communications about the status of FMC's claim between Trimac and its insurer, whose policy Trimac apparently asserts provides coverage for the claim. Such documents are recognized as work product.

> Rule 26(b)(3) protects documents prepared for litigation by or for a party's representative, including its indemnitor or insurer. Thus the rule made it clear that a report from the insured to the insurer is within the immunity as are statements obtained by investigators for the insurer.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2024 at 362 (1994). *Accord, Ennis v. Anderson Trucking Servs. Inc.*, 141 F.R.D. 258, 260 (E.D.N.C. 1991) (statement to insurer protected by Fed. R. Civ. P. 26(b)(3) as work product prepared in anticipation of litigation).\*

Certain of the documents reflect communications to a consultant who was retained by Trimac in late May 1997, after it was clear that FCM was asserting a claim, and state the results of an analysis conducted by that consultant. In Document 19, Trimac requested that the results of the analysis be sent to attorney Kennedy and be kept confidential. These documents are work product protected by Rule 26(b)(3): "documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's . . . consultant . . . ."

The cases cited by FMC (Motion to Compel at 6-7) are not on point. The test results at issue

---

\* As Judge Bobrick stated in the *Allendale* case, this should not be interpreted to suggest that all of the "large volumes of documents compiled by an insurer during its relationship with the insured" are covered by privilege. 145 F.R.D. at 85-87.

in *McCook Metals L.L.C. v. Alcoa, Inc.*, 192 F.R.D. 242, 255 (N.D. Ill. 2000), were prepared by inventors and engineers of a company in connection with possible patent applications, and the only argument for privilege was the fact that, in some cases, the results had been attached to letters to in-house attorneys. There was no argument in *McCook* that the tests were conducted in anticipation of litigation. In *In re Air Crash Disaster*, 133 F.R.D. 515, 520, 524 (N.D. Ill. 1990), the court held that not all internal investigation and analysis following an accident becomes work product once a lawsuit is filed. However, technical investigation directly related to the litigation was held to be work product. 133 F.R.D. at 525.

Document 21 is simply a fax transmittal of non-privileged material to Trimac's consultant. There is nothing confidential or protected about that document or its enclosures. Therefore, it is ordered to be produced.

FMC has requested an award of fees incurred in bring its two motions to compel, pursuant to Fed. R. Civ. P. 37. While this Court has held that most, but not all, of Trimac's assertions of privilege were justified, Trimac's initial privilege log was patently inadequate and the Amended Privilege Log was incomplete as well. Had there been a complete and thorough presentation of the factual basis for the assertion of privilege in Trimac's logs, FMC may have decided not to contest certain documents. Rule 37(a)(4)(c) governs this situation, permitting the Court to "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Therefore, pursuant to Fed. R. Civ. P. 37(a)(4)(c), Trimac shall pay FMC's reasonable expenses (including attorneys' fees) incurred in connection with bringing the initial Motion to Compel (filed on July 18, 2000) and one-half of FMC's reasonable expenses incurred in bringing its second Motion to Compel (filed on October 6, 2000). The parties are to confer and attempt to

reach agreement as to the amount to be paid, and, if no agreement is reached, FMC shall submit a statement of its expenses to the Court.

**IT IS SO ORDERED.**

**DATED:** November 21, 2000

*Geraldine Soat Brown*
**GERALDINE BROWN**
**UNITED STATES MAGISTRATE JUDGE**